# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | **CRIMINAL ACTION NO. 11-0304-KD** |
| ) | |
| **EDGAR V. BROUSSARD,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This action is before the Court on the defendant Edgar V. Broussard's motion to correct clerical error or other part of the record arising from oversight or omission (doc. 27) and defendant's motion to award jail credit (doc. 28). Upon consideration, the motion to correct (doc. 27) is **DENIED** and the motion to award jail credit (doc. 28) is **DENIED** for lack of jurisdiction.

Motion to correct pursuant to Rule 36

On April 6, 2012, this Court sentenced Broussard to a term of six months as to one count for possession of stolen mail (doc. 25). Broussard now moves the Court pursuant to Rule 36 of the Federal Rules of Criminal Procedure to correct clerical errors or errors in the record. Rule 36, captioned "Clerical Error" provides as follows:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Fed. R. Crim. P. 36.

Review of Broussard's motion to correct (doc. 27), shows that he does not seek to correct a clerical error or an error in the record. Instead, he asks the Court to correct a different "error": That he remains in federal custody and has not been given credit "by either the state or federal

authorities for the time he served until the date of the dismissal of his state charges." Broussard "requests that this error be corrected and that he be given credit for the time served between the date of his arrest by state authorities until the dismissal of his state charges." (doc. 27, p. 2).

This request can be read two ways - Broussard requests that this Court amend its judgment to award this credit or Broussard requests that this Court amend its judgment to order or direct the Bureau of Prisons to award this credit. However, to "correct" the judgment to give Broussard credit for time served is not a clerical error or error in the record such that Rule 36 may apply but instead would be a substantive amendment to the judgment. Broussard has not presented any argument as to the Court's jurisdiction to make this substantive amendment.

When a district court is presented with a motion to modify after imposition of a sentence, the Court of Appeals for the Eleventh Circuit has explained as follows:

> We recently held that "[t]he authority of a district court to modify an imprisonment sentence [once it has been imposed] is narrowly limited by statute":
>
>> Specifically, [18 U.S.C.] § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id*. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, *see id*. § 3582(c)(2).
>
> *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *see* 18 U.S.C. § 3582(c). As to the second circumstance allowing a sentence modification set forth in § 3582, "[t]he unambiguous language of § 3582(c)(1)(B) indicates that, absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35." *Phillips*, 597 F.3d at 1195. Further, a district court has no "inherent authority" to modify a sentence that has already been imposed. *See United States v. Diaz–Clark*, 292 F.3d 1310, 1315, 1319 (11th Cir.2002) (holding that the district court erred in concluding that it had

"inherent power" to correct a sentence it had imposed six years earlier and which it viewed to be illegal).

*United States v. Catalano*, 429 Fed. Appx. 943, 944 (11th Cir. 2011).

Rule 35(a) provides for correcting a sentence "[w]ithin 14 days after sentencing" where the sentence resulted "from arithmetical, technical, or other clear error." This motion was filed beyond fourteen days. Therefore, Rule 35(a) is not available. Rule 35(b) provides for a motion for reduction of a sentence upon substantial assistance. However, the United States has not made such a motion. Therefore, Rule 35(b) is not available. Title 18 U.S.C. § 3582(c)(2), allows a court to modify a term of imprisonment once it has been imposed but the limited circumstances identified in that statute do not appear to exist in this action. Additionally, this Court has no inherent authority to modify Broussard's sentence. *Catalano*, at 944 (affirming the district court's recognition that it had "no authority to reconsider Catalano's sentence").

Therefore, because there is no clerical error or error in the record arising from oversight or omission such that Rule 36 may apply and because Broussard does not fall within the parameters discussed above in *Catalano*, the motion to correct (doc. 27) is DENIED.

<u>Motion to award jail credit</u>

Review of Broussard's motion to award jail credit shows that he has not been given credit for the time served in custody before he began his federal sentence (doc. 28). However, that motion is DENIED for lack of jurisdiction. After this Court imposes sentence, the Federal Bureau of Prisons has exclusive authority to determine whether a defendant should receive credit for time spent in custody before the federal sentence commences. *See United States v. Alexander*, 609 F.3d 1250, 1259 (11th Cir. 2010) ("18 U.S.C. § 3585(b) provides, '[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . .' Authority to calculate credit for time

served under section 3585(b) is vested in the Attorney General, not the sentencing court." (citation omitted); *United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005) (citing *United States v. Wilson*, 503 U.S. 329, 333-335, 112 S.Ct. 1351, 1354-1355 (1992)); *Galloway v. Fisher*, 2008 WL 4057803, 3 (N.D. Fla. 2008) (The federal Attorney General, "acting through the Bureau of Prisons. . . initially possesses the exclusive authority to determine when a sentence is deemed to 'commence,' . . . and to compute sentence credit awards after sentencing.") (citation omitted)

Also, complaints regarding calculation of jail credit must be first addressed by the Bureau of Prisons by way of its administrative procedures. *See, e.g., United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989) ("a federal prisoner dissatisfied with the computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence"). Broussard must first exhaust his administrative remedies because "[e]xhaustion of administrative remedies is jurisdictional." *Williams*, 425 F.3d at 990 (citation omitted). Broussard does not provide the Court with any evidence that he has done so. Therefore, this Court lacks jurisdiction over his motion to award jail credit and the motion is DENIED for lack of jurisdiction.

**DONE** and **ORDERED** this 26th day of July, 2012.

<u>s/ Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**